Reese,-J.
delivered the opinion of the court.
Chaffin, the plaintiff in error, was the prosecution bail df *232 one James Williams, in a suit by him brought against Thomas Williams and Thomas McLaughlin. James Williams failed successfully to prosecute his suit, and the defendants Thomas Williams and Thomas McLaughlin recovered of him their costs. Executions issued in their favor against James Williams, but all the costs were not collected. This scire facias was sued out to subject the prosecution bail, and obtain satisfaction from them. The sci.fa. sets forth the writ and prosecution bond, the verdict, judgment and execution in the name of Williams and McLaughlin vs. Williams, and then concludes the writ by directing the sheriff to make known to the -plaintiff in error, Chaffin, that “he appear and show cause, why there should not be a judgment against him in favor of Thomas Williams,” omitting Thomas McLaughlin’s name. Pleas in short were filed to the sci.fa. of payment, accord, and satisfaction, and a former levy on personal property sufficient to pay the costs recovered. These pleas do not state the parties. All the subsequent proceedings are in the name of Thomas Williams vs. Chaffin. The verdict of the jury was found in favor of Thomas Williams vs. Chaffin. And the Circuit Court after overruling reasons in arrest of judgment, gave judgment in favor of Williams vs. Chaffin, and awarded the issuance of execution. We entertain no doubt that the Circuit Court erred, in not sustaining the reasons in arrest of judgment. Williams and McLaughlin were jointly entitled to recover the costs from the prosecution bail. The sci.fa. shows the joint interest, but all the proceedings subsequent to the issuance of the sci.fa. are in the name of one. For this reason, the judgment of the court awarding execution should have been, and now must be arrested.
Let the judgment of the Circuit Court be reversed.